UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61044-WILLIAMS/AUGUSTIN-BIRCH

**THE NORTH FACE APPAREL CORP.**,

    **Plaintiff**,

v.

**21540148**, *et al.*,

    **Defendants.**

_____/

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

    This cause comes before the Court on Plaintiff The North Face Apparel Corp.'s Motion for Entry of Final Default Judgment Against Defendants. DE 18. Kathleen M. Williams, United States District Judge, referred the Motion to the undersigned Magistrate Judge for a report and recommendation. DE 19. The Court has carefully considered the Motion for Entry of Final Default Judgment and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Entry of Final Default Judgment be **GRANTED**.

        **I.**        **PLAINTIFF'S CLAIMS**

    Plaintiff filed this action against numerous Defendants on June 2, 2023. DE 1. Plaintiff alleges that "Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions . . . ." *Id.* ¶ 8. Defendants operate on the DHgate.com platform through the e-commerce stores identified by the Store identification numbers ("Store IDs") listed on Schedule

A of the Complaint. *Id.* at 1-2, 23-25. Plaintiff owns various trademarks registered on the Principal Register of the United States Patent and Trademark Office as shown in the table below ("Plaintiff's Marks"). *See id.* ¶ 15.

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| THE NORTH FACE | 0,983,624 | May 14, 1974 | USC 003 - Backpacks<br>USC 022 - Sleeping bags; tents, snowshoes, and skis<br>USC 039 - Camping clothing namely rainwear, parkas, vests, trousers, shoes, gloves and headgear |
| [logo] | 1,030,071 | January 13, 1976 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 - Camping clothing, namely, rainwear, parkas, vests, trousers, shoes, gloves, headgear and snowshoes |
| [logo] | 2,097,715 | September 16, 1997 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 - Clothing, namely, parkas, vests, jackets, anoraks, pants, ski bibs, gloves, mittens, underwear, hats, headbands, caps, ski suits, gaiters, shorts, and shirts |
| [logo] | 3,538,773 | November 25, 2008 | IC 009 - Computer bags<br>IC 018 - All purpose sporting bags, backpacks, day packs, knapsacks, rucksacks, book bags, tote bags, handbags, duffel bags, knap sacks and duffel sacks, hip and lumbar packs, shoulder bags, book bags, waist packs, fanny packs, day packs, shoulder bags, satchels, mountaineering bags, Boston bags, internal frame packs, backpack bottle pockets, rain covers used to cover the aforesaid; hydration packs, namely, backpack hydration systems consisting of a backpack, a |

2

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | | | reservoir, and a mouthpiece connected to the reservoir by a tube; parts and fittings for all the aforesaid goods<br>IC 020 - Sleeping bags; covers for sleeping bags; sacks for carrying and storing sleeping bags; non-metal tent poles and tent stakes<br>IC 021 - Hydration packs, namely, hydration system consisting of a reservoir and a mouthpiece connected to the reservoir by a tube<br>IC 022 - Tents; tent accessories, namely, tent storage bags, rain flies, vinyl ground cloths, tent pole storage sacks<br>IC 025 - Clothing, namely, men's, women's, and children's T-shirts, shirts, tops, sweatshirts, sweatpants, pants, side zip pants, shorts, trousers, vests, parkas, anoraks, coats, jackets, wind-resistant jackets, jacket hoods, pullovers, sweaters, underwear, thermal underwear, tights, gloves, mittens; outerwear, namely, shells, one-piece shell suits, ski wear, ski suits, ski vests, ski jackets, ski bibs, bib overalls, bib pants, snowboard wear, snow pants, snow suits, rain wear, rain jackets, rain pants, gaiters, namely, neck gaiters; skirts, skorts, dresses, swim trunks; footwear, namely, athletic shoes, sneakers, trail running shoes, climbing shoes, hiking shoes, slippers, boots, trekking boots, hiking boots, snowshoes, sandals; headgear, namely, caps, hats, headbands, scarves, earbands, balaclavas, visors, beanies<br>IC 035 - On-line retail store services, retail store services, mail order, catalogue and distributorship |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | | | services, all featuring camping and outdoor gear and equipment, hardware, clothing, sportswear, eyewear, footwear, headgear, sports equipment and related accessories |
| THE NORTH FACE | 3,630,846 | June 2, 2009 | IC 025 - Footwear; head wear; rainwear; scarves; ski wear |
| [logo] | 3,630,850 | June 2, 2009 | IC 025 - Footwear; gloves; headgear, namely, hats, caps, headbands, visors, hosiery, namely long underwear; jackets; mittens; pants; parkas; shirts; shorts; ski jackets; skirts; tights; vests |

Plaintiff's Marks are well-known and serve "as symbols of [Plaintiff's] quality, reputation, and goodwill." *Id.* ¶¶ 16-18. Plaintiff's Marks have been commercially used for a prolonged period of time and have never been assigned or licensed to Defendants. *Id.* ¶¶ 16-19. Due to Plaintiff's advertising and promotional efforts, consumers readily identify products sold with Plaintiff's Marks as high-quality. *Id.* ¶ 18.

Plaintiff alleges that Defendants are using "counterfeit and confusingly similar imitations" of Plaintiff's Marks to initially attract consumers to Defendants' e-commerce stores, without authorization to use Plaintiff's Marks. *Id.* ¶¶ 21, 27. Defendants' actions are depriving Plaintiff and other third parties "of their right to fairly compete" in the e-commerce marketplace with genuine products, degrading the goodwill value of Plaintiff's Marks, and increasing Plaintiff's costs to market its genuine products and to educate consumers about its brand. *Id.* ¶ 24. Defendants' infringing actions have directly and proximately caused Plaintiff harm. *Id.* ¶ 36. Plaintiff "is suffering irreparable injury" and "has no adequate remedy at law" available.

*Id*. ¶¶ 34-35. Absent permanent injunctive relief, Plaintiff "and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit." *Id.* ¶ 35.

According to the Declaration of Lisa O'Hal in Support of Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, prior to filing this action, Plaintiff "retained Invisible Inc, a licensed private investigative firm, to investigate the suspected sales of counterfeit [Plaintiff] branded products by Defendants." DE 18-1 ¶ 11. Invisible Inc ordered products with counterfeit Plaintiff's Marks from e-commerce stores operating under Defendants' Store IDs and provided Plaintiff with "detailed web page captures depicting, among other things, [Plaintiff] branded products available for purchase from Defendants via their e-commerce stores." *Id.* ¶ 12.

Ms. O'Hal, Plaintiff's Senior Manager – Global Anti-Counterfeiting & Brand Enforcement in the Intellectual Property Department, is in part responsible for Plaintiff's "anti-counterfeiting efforts in North America" and is "trained to identify the distinctions between genuine merchandise and counterfeit copies of the same." *Id.* ¶ 3. Ms. O'Hal analyzed and reviewed the items Defendants offered for sale by reviewing the e-commerce stores and/or the web page captures thereof and determined that the items "were non-genuine, unauthorized versions of [Plaintiff's] products." *Id.* ¶¶ 13-14. Ms. O'Hal further confirmed that Defendants lack authorization from Plaintiff to use Plaintiff's Marks in connection with Defendants' e-commerce stores. *Id.* ¶¶ 13-14.

In its four-count Complaint, Plaintiff seeks damages and injunctive relief for Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I); False Designation of Origin Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II); Common Law Unfair Competition (Count III); and Common Law Trademark Infringement (Count IV). DE 1 ¶¶ 1, 37-61. In the prayer for relief, Plaintiff seeks, among other things:

(1) a permanent injunction enjoining Defendants from manufacturing, advertising, or selling items using Plaintiff's Marks and enjoining Defendants and third parties with actual notice of the permanent injunction from providing services in support of Defendants' infringing use, *id.* ¶ 62(a), (b);

(2) an order authorizing Plaintiff to serve an injunction to request that e-mail service providers permanently suspend the e-mail addresses connected with the infringing use, *id.* ¶ 62(c);

(3) an order allowing Plaintiff to request
   (a) the termination of the Store IDs and related e-commerce usernames and social media accounts, *id.* ¶ 62(d);
   (b) that the administrators of the Store IDs disable or prevent access to the Store IDs, *id.* ¶ 62(e);
   (c) that the administrators of the Store IDs identify e-mail addresses associated with the Store IDs, *id.* ¶ 62(f);
   (d) that the administrators of the Store IDs remove all listings bearing images of the infringing goods, *id.* ¶ 62(g); and
   (e) that the infringing goods be surrendered to Plaintiff, *id.* ¶ 62(h);

(4) an order
   (a) for treble or statutory damages, *id.* ¶ 62(i);
   (b) for an award of costs, attorney's fees, and investigative fees in the action, *id.* ¶ 62(j);
   (c) allowing Plaintiff to request that Defendants and their financial institutions identify, restrain, and surrender up to the total amount of the judgment to Plaintiff from accounts used in connection with the Store IDs, *id.* ¶ 62(k); and
   (d) for an award of pre-judgment interest, *id.* ¶ 62(l); and

(5) the entry of an order allowing Plaintiff to request Defendants pay the cost to correct any incorrect public perception, *id.* ¶ 62(m).

## II.   PROCEDURAL BACKGROUND

Plaintiff filed a Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), requesting that the Court enter an order allowing Plaintiff to serve Defendants through alternate means. DE 5. This Court entered an Order Granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). DE 8. Plaintiff served Defendants through alternate means on June 6, 2023, making Defendants' responses to the Complaint due by June 27, 2023. DE 14. No Defendant responded to the Complaint or sought an extension of the time to respond before the deadline. Plaintiff filed a Request for Clerk's Entry of Default on July

6

19, 2023, and the Clerk thereafter entered default. DE 15; DE 16. The instant Motion for Entry of Final Default Judgment Against Defendants followed. DE 18.

### III. LEGAL STANDARDS

#### A. Default Judgment

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). The defendant does not, however, admit facts that are not well-pleaded or conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted. *Id.*

#### B. Injunctive Relief

Under the Lanham Act, a court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law. 15 U.S.C. § 1116(a). The "remedy of choice for trademark and unfair competition cases" is injunctive relief "since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (quotation marks omitted). Injunctive relief is available even in a default judgment setting. *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1261-62 (S.D. Fla. 2016) ("Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction."). A court has "broad equity powers [that] allow it to fashion injunctive relief necessary to stop the Defendants' infringing activities." *Tiffany*

*(NJ) LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-cv-60299, 2020 WL 4501770, at *6 (S.D. Fla. June 26, 2020).

To obtain permanent injunctive relief, a plaintiff must demonstrate that (1) the plaintiff has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardships favors an equitable remedy; and (4) the issuance of an injunction is in the public's interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  In trademark cases, "a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . a substantial threat of irreparable harm." *El Palacio de Los Jugos, Inc. v. El Patio de Los Jugos USA Corp.*, No. 19-24642-CIV, 2020 WL 13358553, at *4 (S.D. Fla. Feb. 10, 2020) (alteration in original) (quotation marks omitted).  Courts have found that "[a]n award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result" if a defendant is permitted to continue its infringing actions. *Id.*  Further, a defendant "face[s] no hardship from an injunction prohibiting [its] unlawful activities." *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *6 (S.D. Fla. July 7, 2021).

**C. Damages**

Once a plaintiff has established a basis for liability, the court must determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004).  A court may conduct an evidentiary hearing before entering default judgment if a hearing is needed to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B).  However, an evidentiary hearing is not a *per se* requirement of entry of default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  No hearing is needed "where all essential evidence is already of record." *Id.*  The court may award statutory damages "without holding an evidentiary

hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007).

The court has "wide discretion in awarding statutory damages." *PetMed Express*, 336 F. Supp. 2d at 1219. "An award of statutory damages is appropriate despite a plaintiff's inability to provide actual damages caused by a defendant's infringement." *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1292 (S.D. Fla. 2016). Under the Lanham Act, a court may award a minimum of $1,000.00 and a maximum of $200,000.00 in statutory damages "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). "[I]f the court finds that the use of the counterfeit mark was willful," the court may award statutory damages of no more than $2,000,000.00 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* § 1117(c)(2). "A defendant's trademark infringement is willful when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright." *Sream, Inc. v. Asat Inc.*, No. 18-14258-CIV, 2019 WL 1573337, at *4 (S.D. Fla. Apr. 11, 2019) (quotation marks omitted).

### IV.  ANALYSIS

Plaintiff's Complaint contains well-pleaded allegations of fact for each claim as detailed below. By their default, Defendants have admitted these well-pleaded allegations. *See Eagle Hosp. Physicians*, 561 F.3d at 1307.

A. **Liability**

1. **Count I – Trademark Counterfeiting and Infringement**

To prove liability under the Lanham Act for trademark counterfeiting and infringement, the plaintiff must show "(1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Abercrombie & Fitch Trading Co. v. Artemis Gesdy*, No. 19-CIV-60287, 2019 WL 4693557, at *2 (S.D. Fla. July 10, 2019) (quotation marks omitted). Plaintiff alleges the following in the Complaint:

> 15. [Plaintiff] is the owner of all rights, title, and interest in and to [certain] trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office . . . .
>    . . . .
> 39. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of [Plaintiff's] Marks. Defendants are continuously infringing and inducing others to infringe [Plaintiff's] Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing goods bearing and/or using [Plaintiff's] Marks.
> 40. Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.
> 41. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm to [Plaintiff] and are unjustly enriching Defendants with profits at [Plaintiff's] expense.
>    . . . .
> 43. [Plaintiff] has suffered and will continue to suffer irreparable injury while Defendants are earning a substantial profit due to Defendants' [infringing] activities if Defendants are not permanently enjoined.

DE 1 ¶¶ 15, 39-41, 43. These allegations adequately plead the elements of a claim under the Lanham Act of trademark counterfeiting and infringement. Plaintiff is entitled to default judgment against Defendants as to Count I.

### 2. Count II – False Designation of Origin

Liability under the Lanham Act for false designation of origin arises when "an entity . . . misrepresents the nature, characteristics, qualities, or geographic origin of its services in commercial advertising or promotion." *Sovereign Mil. Hospitaller Ord. of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Ord. of Saint John of Jerusalem, Knights of Malta, Ecumenical Ord.*, 702 F.3d 1279, 1294 (11th Cir. 2012) (quotation marks omitted).

> [Courts] have interpreted this language to require a plaintiff to demonstrate that: (1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) it has been, or likely will be, injured as a result of the false or misleading statement.

*Id.*

Plaintiff alleges the following in the Complaint:

> 29. Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between [Plaintiff's] genuine goods and Defendants' Counterfeit Goods, which there is not.
>       . . . .
> 47. Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to [Plaintiff's] detriment.
> 48. Defendants have each authorized infringing uses of one or more of [Plaintiff's] Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.
> 49. Defendants are simultaneously using counterfeits and infringements of one or more of [Plaintiff's] Marks to unfairly compete with [Plaintiff] and others for space within organic and paid search engine and social media results, thereby jointly (i) depriving [Plaintiff] of valuable marketing and educational space

11

> online which would otherwise be available to [Plaintiff] and (ii) reducing the visibility of [Plaintiff's] genuine goods on the World Wide Web and across social media platforms.
>     . . . .
> 51. [Plaintiff] has no adequate remedy at law and has sustained both individual and indivisible injury caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, [Plaintiff] will continue to suffer irreparable injury to its goodwill and business reputation while Defendants are earning a substantial profit.

DE 1 ¶¶ 29, 47-49, 51. These allegations adequately plead the elements of a claim under the Lanham Act of false designation of origin. Plaintiff is entitled to default judgment against Defendants as to Count II.

### 3. Count III – Common Law Unfair Competition

Under Florida common law, the test for unfair competition is whether there is a likelihood of confusion. *Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *3 ("Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida."). Plaintiff alleges the following in the Complaint:

> 54. Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of [Plaintiff's] Marks. Defendants are also each using counterfeits and infringements of one or more of [Plaintiff's] Marks to unfairly compete with [Plaintiff] and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.
> 55. Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores and websites as a whole and all products sold therein by their use of [Plaintiff's] Marks.

DE 1 ¶¶ 54-55. These allegations adequately plead a claim of unfair competition under Florida common law. Plaintiff is entitled to default judgment against Defendants as to Count III.

### 4. Count IV – Common Law Trademark Infringement

Under Florida common law, liability for trademark infringement follows the same analysis as does liability for trademark infringement under the Lanham Act. *Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *3. Plaintiff alleges the following in the Complaint:

> 58. [Plaintiff] is the owner of all common law rights in and to [Plaintiff's] Marks.
> 59. [E]ach Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of [Plaintiff's] Marks.
> 60. Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using [Plaintiff's] Marks.

DE 1 ¶¶ 58-60. These allegations adequately plead a claim of trademark infringement under Florida common law. Plaintiff is entitled to default judgment as to Count IV.

## B. Injunctive Relief and Damages

Plaintiff requests permanent injunctive relief and statutory damages against Defendants for trademark infringement under Count I. DE 18 at 10-19. Plaintiff has limited its request for damages for Counts II through IV to the amount awarded under Count I. *Id.* at 18-19.

### 1. Injunctive Relief

Plaintiff has met the requirements to obtain a permanent injunction. First, Plaintiff has shown that it has suffered and will continue to suffer irreparable injury absent an injunction. *Id.* at 11. Plaintiff has identified certain marks, Plaintiff's Marks, to which Plaintiff holds U.S. trademarks. There is a strong likelihood of confusion between Plaintiff's genuine trademark use and Defendants' unauthorized use of Plaintiff's Marks on counterfeit goods sold and distributed in the marketplace. Without an injunction, Defendants will continue selling the infringing goods and diluting Plaintiff's goodwill and rightful share of the e-commerce marketplace.

Second, there is no adequate remedy at law to alleviate Plaintiff's injury. Monetary damages alone will not suffice as, absent an injunction, Defendants will continue to infringe on Plaintiff's Marks with counterfeit goods. A monetary award will not cure Plaintiff's reputation and goodwill.

Third, prohibiting Defendants from using Plaintiff's Marks will not create a hardship for Defendants because they have no right to use Plaintiff's Marks. However, absent an injunction, Plaintiff will continue to suffer hardship from Defendants' sale and marketing of infringing and counterfeit products.

Fourth, issuance of a permanent injunction against Defendants will serve the public interest. An injunction will prevent consumers from being misled and lessen confusion in the marketplace. The Court recommends that the District Court enter a permanent injunction in favor of Plaintiff and against Defendants.

### 2. Statutory Damages

Plaintiff seeks statutory damages under 15 U.S.C. § 1117(c) for Count I and requests an award of $1,000,000 per Defendant. The record shows that Defendants copied and used Plaintiff's Marks to benefit from Plaintiff's goodwill in the marketplace. *E.g.,* DE 1 ¶¶ 24-25. Defendants admit through their default that such use was willful. *See id.* ¶¶ 26, 28. Plaintiff's request for statutory damages of $1,000,000 per Defendant is in line with the statutory damages awarded in similar cases. *E.g., Richemont Int'l SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-61033-CIV, 2022 WL 16716103, at *9 (S.D. Fla. Oct. 18, 2022) (recommending an award of $1,000,000 against each defendant), *report and recommendation adopted*, 2022 WL 16714472 (S.D. Fla. Nov. 4, 2022); *Abercrombie & Fitch Trading Co.*, 2019 WL 4693557, at *5 (finding that an award of $1,000,000 per defendant

was just when the defendants admitted through default that they had intentionally copied the plaintiff's marks); *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1265-66 (S.D. Fla. 2019) (awarding $1,000,000 against each defendant). The Court recommends that the District Court award Plaintiffs $1,000,000 in statutory damages per Defendant.

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants [DE 18] be **GRANTED** and a Final Default Judgment and Permanent Injunction be entered against the Defendants listed on Schedule A to this Order.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of September, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

## SCHEDULE A
## DEFENDANTS BY NUMBER, DHGATE.COM
## STORE ID, AND INFRINGING PRODUCT NUMBER

| Defendant Number | Defendant / Store ID | Infringing Product Number |
|---|---|---|
| 1 | 21540148 | 764091668 |
| 2 | 21225608 | 825489686 |
| 3 | 21271454 | 755980499 |
| 4 | 21820689 | 808558052 |
| 5 | 21841325 | 810176909 |
| 6 | 21756126 | 822311188 |
| 7 | 21824128 | 798320805 |
| 8 | 21847796 | 816824407 |
| 9 | 21842238 | 818727699 |
| 10 | 21850585 | 822631218 |
| 11 | *DISMISSED* | |
| 12 | 20740471 | 766071630 |
| 13 | 21749288 | 745864934 |
| 14 | 21842259 | 818361982 |
| 15 | 21731448 | 783765858 |
| 16 | 21780414 | 794078853 |
| 17 | 21795917 | 803652574 |
| 18 | 21838777 | 809490185 |
| 19 | 21820691 | 808643174 |
| 20 | 21853735 | 823862181 |
| 21 | 21860602 | 833043775 |
| 22 | 21837125 | 807593251 |
| 23 | 21820685 | 824915009 |
| 24 | 21849213 | 816840098 |
| 25 | 21632915 | 715177323 |
| 26 | 21848395 | 822751236 |
| 27 | 21855922 | 826122594 |
| 28 | 21858029 | 835856584 |
| 29 | 21756146 | 822316325 |
| 30 | 21757963 | 798591307 |
| 31 | 21747783 | 807067891 |
| 32 | 21649492 | 817563238 |
| 33 | 21815829 | 807618247 |
| 34 | 21815818 | 817912380 |
| 35 | 21831084 | 825341481 |
| 36 | 21843875 | 829803697 |
| 37 | 21762642 | 811126794 |

| 38 | 21674501 | 811609658 |
|---|---|---|
| 39 | 21601523 | 833844550 |
| 40 | 21831753 | 800715619 |
| 41 | 21831756 | 825161859 |
| 42 | 21861122 | 835543643 |
| 43 | 21711262 | 725103187 |
| 44 | 20757299 | 735744099 |
| 45 | 20620798 | 767381244 |
| 46 | 21827118 | 823649922 |
| 47 | 21802247 | 769336416 |
| 48 | 21802252 | 769362706 |
| 49 | 21654284 | 824627843 |
| 50 | 21695174 | 710652484 |
| 51 | 21194727 | 823620383 |
| 52 | 21843511 | 825770698 |
| 53 | 21771737 | 829039772 |
| 54 | 21842786 | 835695610 |
| 55 | 21183392 | 727389662 |
| 56 | 20917558 | 779948860 |
| 57 | 21739497 | 748370446 |
| 58 | 21386962 | 734075934 |
| 59 | 21820474 | 811847194 |
| 60 | *DISMISSED* | |
| 61 | 21794739 | 772231258 |
| 62 | 21802449 | 813414042 |
| 63 | 21829814 | 804748925 |
| 64 | 21845629 | 818238220 |
| 65 | 21721750 | 729060011 |
| 66 | 21028750 | 806655365 |
| 67 | 21573794 | 617505587 |
| 68 | 20968699 | 815461467 |
| 69 | 21835910 | 809258417 |
| 70 | 21847482 | 814876935 |
| 71 | 21665344 | 805587831 |
| 72 | 21397871 | 810289266 |
| 73 | 21529833 | 585487368 |
| 74 | 21817681 | 832078874 |
| 75 | 21842460 | 815383962 |
| 76 | 21756107 | 761036457 |
| 77 | 21812791 | 811609652 |
| 78 | 21815801 | 817912449 |
| 79 | 21740542 | 804226955 |
| 80 | 21740552 | 804235148 |

| 81 | 21579070 | 834155486 |
|---|---|---|
| 82 | 20683901 | 825520859 |
| 83 | 21523748 | 809227247 |
| 84 | 21820699 | 808651792 |
| 85 | 21728871 | 749217136 |
| 86 | 21725591 | 731394314 |
| 87 | 21833587 | 805867990 |
| 88 | 21709612 | 761795068 |
| 89 | 21723696 | 818059443 |
| 90 | 21409120 | 661932719 |
| 91 | *DISMISSED* | |
| 92 | 21819909 | 799058562 |
| 93 | 21696806 | 717432463 |
| 94 | *DISMISSED* | |
| 95 | 21739344 | 827223315 |
| 96 | 21843926 | 811219299 |
| 97 | 21810179 | 809110928 |
| 98 | 21818563 | 787337402 |
| 99 | 21220969 | 703201130 |
| 100 | 21734947 | 807434780 |
| 101 | 21850582 | 824798903 |
| 102 | *DISMISSED* | |
| 103 | 21706199 | 775567515 |
| 104 | 21858026 | 835851867 |
| 105 | 21722116 | 755274924 |
| 106 | 21728082 | 742320063 |
| 107 | 21858030 | 838284124 |
| 108 | 21759583 | 814273183 |
| 109 | 21216536 | 813310847 |